[Civ. No. 6020.   Second Appellate District, Division Two.—April 18, 1928.]

In the Matter of the Estate of DEWEY H. CRUTCHER, Incompetent. ELIZABETH ANN CRUTCHER, as Guardian, etc., Appellant, v. PACIFIC–SOUTHWEST TRUST & SAVINGS BANK (a Corporation), Respondent.

I. W. Bane for Appellant.

C. W. Byrer for Respondent.

CRAIG, J.—On June 16, 1926, the appellant, as guardian of the person and estate of Dewey H. Crutcher, an incompetent person, filed her fourth and final account, and petition for settlement and allowance of fees, and the same was set down for hearing in the superior court on July 14, 1926. On the date last mentioned the respondent filed its petition for appointment as guardian of said estate, in the place and stead of Elizabeth Ann Crutcher, which was thereafter granted. On April 28, 1927, the court below

made an order settling said account, disallowing certain items thereof, which were ordered paid to respondent, and authorizing the latter, upon receipt of the amounts specified, to release certain mortgage liens then of record against the property of the ward. On June 22, 1927, Elizabeth Ann Crutcher appealed from the "order, decree, judgment and rulings of the court" and filed a "Notice to the clerk, request for transcript duly certified."

The respondent on March 1, 1928, filed in this court a motion to dismiss said appeal, "upon the grounds that said appellant has wholly failed to serve and file the transcript of said cause within the time and as prescribed by Rule II of the Rules of the Supreme Court of the state of California, and has wholly failed to serve or file appellant's points and authorities within the time and as prescribed by Rule II of said rules."

The motion to dismiss is opposed by notice, affidavit of Mrs. Crutcher, and a physician's certificate, wherein it is stated that, owing to injuries resulting from an accident suffered by the guardian on September 18, 1927, she was unable to attend to her business affairs, and that she relied upon her son to furnish the necessary funds and to file her transcript, but that he failed to do so, and that as soon as she was sufficiently recovered, and on March 12, 1928, she paid the required fees and filed her transcript; and further, it is asserted that this court is without jurisdiction to entertain the motion to dismiss for the reasons (1) that the respondent is not the legal guardian of said estate "because it does not exist but has heretofore merged and is known as the Los Angeles-First National Trust and Savings Bank," and (2) that respondent's attorney is disqualified to act in this proceeding.

It at once appears that on March 1, 1928—or for a period of more than eight months—when the motion to dismiss the appeal was filed, appellant had not filed her transcript. Admittedly she had filed no transcript at the time of her unfortunate injury, or nearly three months after the filing of the notice of appeal.

Rule II, section 1, of the rules of the supreme court, requires that a printed transcript must be filed within forty days after an appeal is perfected, or, if the transcript be

prepared under the provisions of section 953a of the Code of Civil Procedure, and notice is filed by the appellant requesting the transcript, that the time shall not begin to run until such transcript is approved and certified as required by law. This appeal was instituted under the latter method. It does not appear from the record before us that appellant ever requested the preparation of a transcript in the court below, and no application was made for relief from the default.

From what has been said, it is apparent that since there is no showing as to when the time began to run, a filing eight months after notice of appeal and not until this motion to dismiss had been made, does not present such evidence of diligence as to warrant the assumption that appellant at any time intended to comply with the rule or that she did not abandon her appeal.

If it were true that respondent were no longer guardian of the estate, and that counsel were disqualified, as claimed by appellant, these facts would in no way deprive this court of jurisdiction to dismiss the appeal of its own motion upon a mere suggestion of the facts above stated, which require such action.

The appeal is dismissed.

Works, P. J., and Thompson, J., concurred.